FILED

FEB 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORA SMITH, individually, and on behalf of the class of all others similarly situated; CYNTHIA HIMPLE, individually, and on behalf of the class of all others similarly situated,<br><br>    Plaintiffs-Appellants,<br><br>  v.<br><br>BANK OF AMERICA, N.A., a national banking association,<br><br>    Defendant-Appellee. | No.   15-55674<br><br>D.C. No.<br>2:14-cv-06668-DSF-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 13, 2017[**]
Pasadena, California

Before:  D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Lora Smith and Cynthia Himple appeal the district court's order dismissing their putative class action under Fed. R. Civ. P. 12(b)(6).  Because we conclude that the district court lacked subject matter jurisdiction, we vacate the district court's order and remand with instructions to dismiss the case under Fed. R. Civ. P. 12(b)(1).

We determine the existence of subject matter jurisdiction de novo.  *Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001).  Article III of the Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'"  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992) (quoting U.S. Const. art. III, § 1).  "[T]he irreducible constitutional minimum of standing contains three elements[:]"  (1) injury-in-fact, (2) causation, and (3) redressability.  *Id.* at 561-62.

Here, Plaintiffs fail to allege injury-in-fact via "an invasion of a legally protected interest which is . . . concrete and particularized" and "actual or imminent."  *Id*. at 561 (internal quotation marks and citations omitted).  Although Plaintiffs allege that Bank of America, N.A. ("BofA") provided them with a Form 1098 that did not comply with the requirements of 26 U.S.C. § 6050H, Plaintiffs do not allege that they filed erroneous tax returns in reliance on the allegedly erroneous form or received a smaller tax deduction as a result.  Mere receipt of an

2

erroneous form, without more, is insufficient to establish injury-in-fact. *See Gonzales v. Gorsuch*, 688 F.2d 1263, 1269 (9th Cir. 1982); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549-50 (2016). Because Plaintiffs failed to establish Article III standing, the district court lacked subject matter jurisdiction and was required to dismiss on that ground. *See Steel Co. v. Citizens for a Better Env't* , 523 U.S. 83, 94 (1998) (rejecting the doctrine of hypothetical jurisdiction).

For this reason, we vacate the district court's order and instruct the district court to dismiss the case under Fed. R. Civ. P. 12(b)(1). We also note that, whenever a district court dismisses a case, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Finally, we **DENY** the parties' requests for judicial notice at ECF No. 12 and ECF No. 21 as moot.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**