PETER B. MORRISON (CA SBN 230148)
Peter.Morrison@skadden.com
DOUGLAS A. SMITH (CA SBN 290598)
Douglas.Smith@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

Attorneys for Defendant BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LORA SMITH and CYNTHIA HIMPLE, individually, and on behalf of the class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., a National Banking Association,<br><br>Defendant. | CASE NO.: 2:14-cv-06668-DSF-PLA<br><br>**(1) REQUEST FOR INCORPORATION BY REFERENCE AND FOR JUDICIAL NOTICE IN SUPPORT OF BANK OF AMERICA, N.A.'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6);**<br><br>**(2) DECLARATION OF ALEXANDRA RUBOW; and**<br><br>*Lodged Under Separate Cover*<br><br>**(3) [PROPOSED] ORDER.**<br><br>Hon. Dale S. Fischer<br><br>Assigned to:   Magistrate Judge Paul L. Abrams<br><br>Date:        October 22, 2018<br>Time:        1:30 p.m.<br>Courtroom:   7D |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201 ("Rule 201") and in connection with its "Motion to Dismiss the Third Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)," Defendant Bank of America, N.A. ("BANA") requests that the Court incorporate by reference or take judicial notice of the following exhibits attached to the Declaration of Alexandra Rubow:

**Exhibit 1:** A true and correct copy of Plaintiff Himple's "Fixed/Adjustable Rate Note."

**Exhibit 2:** A true and correct copy of Plaintiff Himple's "Fixed/Adjustable Rate Rider."

**Exhibit 3:** A true and correct copy of Plaintiff Himple's "Deed of Trust."

**Exhibit 4:** A true and correct copy of Plaintiff Himple's "Loan Modification Trial Period Plan."

**Exhibit 5:** A true and correct copy of Plaintiff Himple's "Loan Modification Agreement."

**Exhibit 6:** A true and correct copy of Plaintiff Smith's "Adjustable Rate Note."

**Exhibit 7:** A true and correct copy of Plaintiff Smith's "Adjustable Rate Rider."

**Exhibit 8:** A true and correct copy of Plaintiff Smith's "Deed of Trust."

**Exhibit 9:** A true and correct copy of Plaintiff Smith's "Home Affordable Modification Trial Period Plan."

**Exhibit 10:** A true and correct copy of Plaintiff Smith's "Home Affordable Modification Agreement."

**Exhibit 11:** A true and correct copy of IRS Form 1098 (2013).

**Exhibit 12:** A true and correct copy of IRS Form 1040, Schedule A (2013).

**Exhibit 13:** A true and correct copy of IRS "2013 Instructions for Schedule A (Form 1040)."

**Exhibit 14:** A true and correct copy of IRS Publication 936 (2013).

**Exhibit 15:** A true and correct copy of IRS Publication 5 (1999).

1 | **Exhibit 16:** A true and correct copy of the IRS's "fourth quarter update" to the "2017-2018 Priority Guidance Plan."

Dated: August 24, 2018        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  /s/ *Peter B. Morrison*
Peter B. Morrison
Attorneys for Defendant Bank of America, N.A.

# ARGUMENT

## I. Legal Standards for Incorporation by Reference and Judicial Notice

Courts may "consider materials that are submitted with and attached to [a complaint]." *United States v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (citation omitted). In addition, the Ninth Circuit has held that in deciding a motion to dismiss, a court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citations omitted). The reason for this rule is to "[p]revent[ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).

"Pursuant to Federal Rule of Evidence 201, [courts] may also take judicial notice of 'matters of public record' . . . but not of facts that may be 'subject to reasonable dispute.'" *See, e.g.*, *Corinthian Colls.*, 655 F.3d at 999; *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1055 (9th Cir. 2007) (A court may take judicial notice of a public record whose existence and content are "not subject to reasonable dispute."). Facts are not subject to reasonable dispute when they are "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1144 (S.D. Cal. 2007) (citing Fed. R. Evid. 201(b)). Pursuant to Rule 201(c), a court "must" take judicial notice of such facts where "a party requests it," and the court is "supplied with the necessary information." Fed. R. Evid. 201(c)(2).

## II. The Court Should Incorporate Plaintiffs' Loan Documents

Attached as Exhibits 1-5 to the Declaration of Alexandra Rubow, dated August 24, 2018, are true and correct copies of Plaintiff Himple's (1) "Fixed/Adjustable Rate Note"; (2) "Fixed/Adjustable Rate Rider"; (3) "Deed of Trust"; (4) "Loan Modification Trial

Period Plan"; and (5) "Loan Modification Agreement."  Attached as Exhibits 6-10 are true and correct copies of Plaintiff Smith's (1) "Adjustable Rate Note"; (2) "Adjustable Rate Rider"; (3) "Deed of Trust"; (4) "Home Affordable Modification Trial Period Plan"; and (5) "Home Affordable Modification Agreement."  All of these are Plaintiffs' loan documents.

This Court may incorporate by reference the loan documents that are purportedly at issue in ruling on BANA's "Motion to Dismiss the Third Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)."  *See Corinthian Colls.*, 655 F.3d at 998-99 ("We may . . . consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

Plaintiffs allege claims for breach of contract based on their "Adjustable Rate Note . . . and a separate Deed of Trust . . . securing the Note" (TAC ¶ 119), "subject to any modifications, including Loan Modifications entered into by Plaintiffs" (TAC ¶ 120), and for breach of the implied covenant of good faith and fair dealing based on the "contractual relationship . . . set forth in Exs. A through F."  (TAC ¶ 175.)  Indeed, Exhibits A through F attached to the Third Amended Complaint are Exhibits 1-3, 5, 6, 8, and 10 accompanying this request.  BANA seeks to incorporate Exhibits 1-3, 5, 6, 8, and 10 by reference, however, because those exhibits are either more legible copies or the executed versions of Exhibits A-F attached to the Third Amended Complaint.  The remaining loan documents, Exhibits 4 and 9, are Plaintiffs' loan modification trial period plans, which contain additional contractual terms and conditions to Plaintiffs' loan contracts with BANA.  Accordingly, because Exhibits 1-10 are the loan contracts on which Plaintiffs' purported contract-related claims are based, and Plaintiffs do not dispute their accuracy, and in fact did not oppose BANA's prior request to incorporate these

documents by reference when BANA moved to dismiss the Second Amended Complaint (*see* ECF No. 62), incorporation by reference is proper.

### III. The Court Should Take Judicial Notice of Internal Revenue Service Forms and Publications That Are a Matter of Public Record

Attached as Exhibits 11-15 to the Declaration of Alexandra Rubow are true and correct copies of (1) IRS Form 1098 (2013) [Exhibit 11]; (2) IRS Form 1040, Schedule A (2013) [Exhibit 12]; (3) 2013 Instructions for Schedule A (Form 1040) [Exhibit 13]; (4) IRS Publication 936 (2013) [Exhibit 14]; and (5) IRS Publication 5 (1999) [Exhibit 15]. All are available online through www.irs.gov. In opposing BANA's Motion to Dismiss the Second Amended Complaint, Plaintiffs did not oppose BANA's Request for Judicial Notice of these documents. (*See* ECF No. 62.)

In ruling on the motion to dismiss the original complaint, this Court previously referenced the IRS Form 1040, Schedule A (2013); the 2013 Instructions for Schedule A (Form 1040); the IRS Publication 936 (2013); and the IRS Publication 5 (1999). (ECF No. 28 at 6.)

The Court may take judicial notice of "documents available on government websites" under Rule 201. *Akbari v. Aztec Foreclosure Corp.*, No. 2:11-cv-2219-MCE-EFB PS, 2012 WL 2521992, at *1 n.2 (E.D. Cal. June 27, 2012); *see also Sachs v. Republic of Austria*, 737 F.3d 584, 596 n.10 (9th Cir. 2013) (taking judicial notice of existence of foreign state-owned entity referenced on "government websites and papers of the governments and reviewing agencies"), *rev'd on other grounds sub nom. OBB Personenverkehr AG v. Sachs*, 136 S. Ct. 390 (2015). As in *Akbari*, this Court may take judicial notice under Rule 201 of the attached IRS forms and publications, Exhibits 11-15, because they are available from the IRS itself through the IRS's website. Such availability also makes the documents capable of accurate and ready determination from a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

In addition, the existence and content of the attached IRS forms and publications are not subject to reasonable dispute as required by Rule 201. It cannot be reasonably disputed that the IRS informs taxpayers that the amount reported as "interest received" on

1  Form 1098 and the amount that may properly be deducted on their income tax returns
2  may not be the same.  (*See* Rubow Decl. Ex. 11 [Form 1098 (2013)] ("* Caution: The
3  amount shown may not be fully deductible by you."); Ex. 14 at 8 ("If you paid more
4  deductible interest to the financial institution than the amount shown on Form 1098, show
5  the larger deductible amount on line 10 . . . .") [IRS Pub. 936 (2013)]; Ex. 12 (line for
6  itemizing a deduction for "[h]ome mortgage interest not reported to you on Form 1098")
7  [Form 1040, Schedule A, Line 11].)

8   It also cannot be reasonably disputed that the IRS instructs taxpayers how to claim
9  a mortgage interest deduction for payments not reported on Form 1098 that a taxpayer
10 believes may be deductible.  (*See id.* Ex. 13 at A-7 ("If you paid more interest to the
11 recipient than is shown on Form 1098, see Pub. 936 to find out if you can deduct the
12 additional interest.  If you can, attach a statement to your paper return explaining the
13 difference and enter 'See attached' to the right of line 10."); *id.* Ex. 14 at 9 ("If you paid
14 more deductible interest to the financial institution than the amount shown on Form 1098,
15 show the larger deductible amount on line 10 [of Schedule A to Form 1040, U.S.
16 Individual Income Tax Return].  Attach a statement explaining the difference and print
17 'See attached' next to line 10.").)

18   Further, it cannot be disputed that the IRS tells taxpayers how to appeal the IRS's
19 denial of a mortgage interest deduction for payments not reported on Form 1098.  The
20 taxpayer may (1) request "a meeting or a telephone conference with the supervisor of the
21 person who" denied the deduction; (2) file an appeal with the IRS Appeals Office, which
22 will address the request "by correspondence, by telephone or at a personal conference";
23 or (3) file a lawsuit against the IRS.  (*Id.* Ex. 15 at 1-2.)

24   Because BANA has requested judicial notice of and supplied this Court with these
25 documents, this Court "must" take judicial notice of them pursuant to Rule 201(c)(2).
26 *See Yoshioka v. Charles Schwab Corp.*, No. C-11-1625 EMC, 2012 WL 5932817, at *3
27 n.1 (N.D. Cal. Nov. 27, 2012) (taking judicial notice of "IRS announcement").

28

## IV. The Court Should Take Judicial Notice of the IRS's 2017-2018 Priority Guidance Plan

Attached as Exhibit 16 to the Declaration of Alexandra Rubow is a true and correct copy of the IRS's "fourth quarter update" to its "2017-2018 Priority Guidance Plan." Among the "guidance projects" listed in the plan is guidance on the issue of § 6050H reporting of capitalized interest on modified mortgages. (*See* Rubow Ex. 16, at 17 ("Guidance under §§ 446, 1275, and 6050H to address the treatment and reporting of capitalized interest on modified home mortgages.").) The Plan indicates that guidance may include: "(1) revocations of final, temporary, or proposed regulations; (2) notices, revenue rulings, and revenue procedures; (3) simplifying and burden reducing amendments to existing regulations; (4) proposed regulations; or (5) final regulations adopting proposed regulations." (*Id.*) In opposing BANA's Motion to Dismiss the Second Amended Complaint, Plaintiffs did not oppose BANA's Request for Judicial Notice of the Priority Guidance Plan. (*See* ECF No. 62.)

The Court may take judicial notice of the Priority Guidance Plan because courts routinely take judicial notice of an administrative agency's public action, including an action of the IRS.[1] *See Stengel v. Medtronic, Inc.*, 676 F.3d 1159, 1167 (9th Cir. 2012) (affirming district court's taking of judicial notice of an "approval as demonstrated by FDA records"); *Native Vill. of Point Hope v. Salazar*, 680 F.3d 1123, 1129 n.6 (9th Cir. 2012) ("We take judicial notice of this approval [by an administrative agency].");

---

[1] In addition, the IRS's actions are legislative facts of which the Court may properly take judicial notice and consider when ruling on certain arguments in BANA's motion to dismiss, such as BANA's argument that the exclusive enforcement doctrine bars Plaintiffs' state-law claims predicated on a violation of 26 U.S.C. § 6050H. *See United States v. Gould*, 536 F.2d 216, 220 (8th Cir. 1976) ("Legislative facts . . . do not relate specifically to the activities or characteristics of the litigants. A court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers material wholly unrelated to the activities of the parties. . . . [W]henever a tribunal engages in the creation of law or of policy, it may need to resort to legislative facts, whether or not those facts have been developed on the record. Legislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally . . . ." (citation omitted)); *see also Calvin v. Heckler*, 782 F.2d 802, 806 n.4 (9th Cir. 1986) (stating that legislative facts "involve broader issues" than adjudicative facts and are "more universally applicable").

7

*Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies."); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming the taking of a judicial notice of an FDA approval); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of a federal agency approval that was "published in the official administrative agency reporter [and] is available on the agency's website"); *Hause v. Salvation Army*, No. CV 07-5249 CAS (CWx), 2007 WL 4219450, at *1 n.1 (C.D. Cal. Nov. 27, 2007) (taking notice of IRS tax exemption decision).

This Court should take judicial notice of the IRS's decision, announced on its website, to issue public guidance on the Form 1098 reporting issue underlying this case.

## CONCLUSION

For the foregoing reasons, the Court should incorporate into the complaint by reference Exhibits 1-10, and take judicial notice of Exhibits 11-16 when ruling on BANA's "Motion to Dismiss the Third Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)."

Dated: August 24, 2018        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  /s/ *Peter B. Morrison*
Peter B. Morrison
Attorneys for Defendant Bank of America, N.A.

# DECLARATION OF ALEXANDRA RUBOW

I am an attorney admitted to practice before the courts of the State of California and have been admitted to this Court. I am an associate with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, which is counsel of record for Defendant Bank of America, N.A. ("BANA") in the above-captioned matter. I make this declaration in support of BANA's "Motion to Dismiss the Third Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)." I make this declaration based on my own personal knowledge, and if called upon to do so, could and would testify competently thereto.

1. Attached as **Exhibit 1** is a true and correct copy of Plaintiff Himple's "Fixed/Adjustable Rate Note."
2. Attached as **Exhibit 2** is a true and correct copy of Plaintiff Himple's "Fixed/Adjustable Rate Rider."
3. Attached as **Exhibit 3** is a true and correct copy of Plaintiff Himple's "Deed of Trust."
4. Attached as **Exhibit 4** is a true and correct copy of Plaintiff Himple's "Loan Modification Trial Period Plan."
5. Attached as **Exhibit 5** is a true and correct copy of Plaintiff Himple's "Loan Modification Agreement."
6. Attached as **Exhibit 6** is a true and correct copy of Plaintiff Smith's "Adjustable Rate Note."
7. Attached as **Exhibit 7** is a true and correct copy of Plaintiff Smith's "Adjustable Rate Rider."
8. Attached as **Exhibit 8** is a true and correct copy of Plaintiff Smith's "Deed of Trust."
9. Attached as **Exhibit 9** is a true and correct copy of Plaintiff Smith's "Home Affordable Modification Trial Period Plan."
10. Attached as **Exhibit 10** is a true and correct copy of Plaintiff Smith's "Home Affordable Modification Agreement."

| | | |
|---|---|---|
| 1 | 11. | Attached as **Exhibit 11** is a true and correct copy of IRS Form 1098 (2013). |
| 2 | 12. | Attached as **Exhibit 12** is a true and correct copy of IRS Form 1040, |
| 3 | | Schedule A (2013). |
| 4 | 13. | Attached as **Exhibit 13** is a true and correct copy of IRS "2013 Instructions |
| 5 | | for Schedule A (Form 1040)." |
| 6 | 14. | Attached as **Exhibit 14** is a true and correct copy of IRS Publication 936 |
| 7 | | (2013). |
| 8 | 15. | Attached as **Exhibit 15** is a true and correct copy of IRS Publication 5 |
| 9 | | (1999). |
| 10 | 16. | Attached as **Exhibit 16** is a true and correct copy of the IRS's "fourth quarter |
| 11 | | update" to the "2017-2018 Priority Guidance Plan," dated August 17, 2018. |
| 12 | 17. | Attached as **Exhibit 17** is a true and correct copy of the "Declaration of |
| 13 | | Plaintiff Lora Smith," filed in support of Plaintiffs' Opposition to Defendant |
| 14 | | BANA's Motion to Dismiss or Stay the Second Amended Complaint on |
| 15 | | February 27, 2018. |
| 16 | 18. | Attached as **Exhibit 18** is a true and correct copy of the "Declaration of |
| 17 | | Cynthia Himple," filed in support of Plaintiffs' Opposition to Defendant |
| 18 | | BANA's Motion to Dismiss or Stay the Second Amended Complaint on |
| 19 | | February 27, 2018. |
| 20 | 19. | Attached as **Exhibit 19** is a true and correct copy of the "Declaration of |
| 21 | | Amy Bernal in Support of Bank of America, N.A.'s Motion to Dismiss the |
| 22 | | Second Amended Complaint Under F.R.C.P. 12(b)(1) and 12(b)(6), or in the |
| 23 | | Alternative, for a Stay," which was filed on January 17, 2018. |
| 24 | // | |
| 25 | // | |
| 26 | // | |
| 27 | // | |
| 28 | // | |

**1**   20.   Attached as **Exhibit 20** is a true and correct copy of the transcript of the oral
**2**   argument on BANA's motion to dismiss the original complaint in *Smith v.*
**3**   *Bank of America, N.A.*, 2:14-cv-06668-DSF-PLA (C.D. Cal. Jan. 12, 2015).

**4**   I declare under penalty of perjury under the laws of the United States of America
**5**   that the foregoing is true and correct.
**6**   Executed on August 24, 2018, in Los Angeles, California.

                                              /s/ *Alexandra Rubow*
                                              Alexandra Rubow