# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORA SMITH, et al.,<br>   Plaintiffs,<br><br>   v.<br><br>BANK OF AMERICA, N.A.,<br>   Defendant. | CV 14-6668 DSF (PLAx)<br><br>Order GRANTING IN PART and DENYING IN PART Motion to Dismiss (Dkt. No. 75) |

  This case involves Defendant Bank of America, N.A.'s alleged failure to provide accurate IRS Form 1098s to borrowers who entered into mortgage loan modification agreements with Defendant.  The Court previously dismissed Plaintiffs' federal law claims, denied the motion to dismiss state law claims for fraud, negligence, and under California's unfair competition law, and dismissed, with leave to amend, state law claims for breach of contract and breach of the covenant of good faith and fair dealing (the "contract-related claims").  Plaintiffs amended their contract-related claims and Defendant again moves to dismiss.  The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

  As an initial matter, the Court declines to revisit its denial of Defendant's motion to dismiss the fraud, negligence, and UCL claims and the Court's finding that Plaintiffs have standing to bring their claims.  Nothing in Defendant's papers suggests that reexamination of those issues is appropriate at this time.

The original loan agreements between Plaintiffs and Defendant provide that payments will be applied to accrued interest before principal.  At the time the modification agreements were entered into, Plaintiffs had accumulated unpaid accrued interest.  The contract-related claims are premised on Plaintiffs' position that post-modification payments were required to be credited against interest, where interest includes interest that was accrued, but not paid, prior to modification.  Defendant's position is that the modification agreements at the time of modification unambiguously rolled any accrued, unpaid interest into the principal balance of the loan and, therefore, Defendant was not required to credit payments against the pre-modification accrued interest after the modification agreements went into effect.

Defendant is correct that the Smith modification agreement unambiguously adds accrued, unpaid interest to the "New Principal Balance" at the time of modification.  The agreement provides:

> The modified Principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding late charges, collectively "Unpaid Amounts") less any amounts paid to the Lender, but not previously credited to my Loan. The new Principal balance of my Note will be $413,558.13 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the

> outstanding principal balance, which would not happen without this Agreement.

TAC Ex. C. ¶ 3(B).

Plaintiffs do not seem to argue that the unpaid interest at the time of modification should not have been added to the "New Principal Balance." Instead, they allege that, despite being called "principal," the unpaid interest that was added to the "New Principal Balance" was, nonetheless, to be treated as interest for the purposes of deciding how to allocate loan payments. Or, for the purposes of this motion, Plaintiffs argue that it is at least ambiguous whether the unpaid interest would still be treated as interest for the purposes of allocating payments.

"An ambiguity arises when language is reasonably susceptible of more than one application to material facts." Dore v. Arnold Worldwide, Inc., 39 Cal. 4th 384, 391 (2006). Plaintiffs provide no support for their theory that the Smith modification agreement did not really mean that unpaid interest was to be added to principal for all purposes. The clear and unambiguous import of adding the unpaid interest to the "New Principal Balance" was to treat it as part of principal. If unpaid interest was intended not to be treated as principal for certain purposes, one would expect that those purposes would have been specified in the agreement. While courts should not be too quick to label contractual language "unambiguous," a potential ambiguity cannot be based on a party's completely idiosyncratic reading of the contract that has no support within the contract and, if anything, undercuts the apparent purpose of the clause in question. The language must be "reasonably susceptible" to the party's interpretation. Plaintiffs' offered interpretation fails that test.

The Himple modification is different. Nowhere in the agreement is unpaid interest explicitly added to the loan principal. The most relevant language states:

> As of the 1st day of November 2011, the amount payable under the Note or Security Instrument (the "Unpaid Principal Balance") is [illegible amount] consisting of the amount(s) loaned to Borrower by Lender which may include, but are not limited to, any past due principal payments, interest, fees, and/or costs capitalized to date.

TAC Ex. F.¶ 1.

The parties agree that the illegible amount in the TAC exhibit is $617,501.68. The TAC admits that this amount would include unpaid interest at the time of the modification agreement, TAC ¶ 55, although the Court is unaware by what means such interest had been "capitalized to date."[1] Reliance on the "capitalized to date" language does not eliminate the ambiguity because it does not unambiguously establish that the interest was, in fact, capitalized – it just assumes that it is so.[2] There would still be a need for some unambiguous language in some document that actually capitalizes the interest because the Himple modification agreement does not unambiguously do so directly. Defendant argues that by defining the sum of all amounts then due as "Unpaid Principal Balance," the modification agreement implicitly added the unpaid interest to the principal balance. But the Court

---

[1] "Capitalized to date" suggests that the amounts were capitalized prior to the modification agreement. However, the Court is not pointed to any previous agreement that would have capitalized the interest.

[2] An added ambiguity is that the "Unpaid Principal Balance" is defined to be "amount(s) loaned to Borrower," but unpaid interest, while owed to the lender, would not typically be thought to have been "loaned" to the borrower.

cannot say that the mere assignment of a shorthand definition in the modification agreement unambiguously changes the contractual treatment of the unpaid interest. Therefore, the motion to dismiss is denied with respect to the Himple contract claims.

Because the Smith agreement did not require pre-modification unpaid interest to be treated in the way that Plaintiffs claim, Defendant also did not breach the implied covenant of good faith and fair dealing by not following Plaintiffs' desired procedures. Racine & Laramie, Ltd., Inc. v. Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1032 (1992) (implied covenant "cannot be extended to create obligations not contemplated in the contract").

The motion to dismiss is GRANTED with respect to the Smith contract-related claims. It is also GRANTED with respect to Smith's declaratory relief claim because the claim is either based on a declaration of federal tax law, which the Court already found falls within the tax exception to the Declaratory Judgment Act, or it is based on the contract-related claims. The motion is DENIED in all other respects.

IT IS SO ORDERED.

Date: November 5, 2018          _____
                                Dale S. Fischer
                                United States District Judge