# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORA SMITH, et al.,<br>　　　Plaintiffs,<br><br>　　　　　　v.<br><br>BANK OF AMERICA, N.A.,<br>　　　Defendant. | CV 14-6668 DSF (PLAx)<br><br>Order GRANTING Motion for<br>Reconsideration (Dkt. No. 84) |

Defendant Bank of America, N.A. moves for reconsideration of the Court's November 5, 2018 Order denying its motion to dismiss Plaintiff Cynthia Himple's contract claims.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for January 14, 2019 is removed from the Court's calendar.

Motions for reconsideration in the Central District of California:

> may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to

consider material facts presented to the Court before
such decision.

L.R. 7-18.

Defendant's motion is based on an alleged "failure to consider
material facts presented to the Court." In its prior Order, a
dispositive issue before the Court was whether unpaid accrued
interest had been added to Himple's loan principal. Himple's
Modification Agreement states:

> As of the 1st day of November 2011, the amount
> payable under the Note or Security Instrument (the
> "Unpaid Principal Balance") is [illegible amount]
> consisting of the amount(s) loaned to Borrower by
> Lender which may include, but are not limited to, any
> past due principal payments, interest, fees, and/or
> costs capitalized to date.

TAC Ex. F.¶ 1.

The Court found that this language did not unambiguously add
unpaid interest to principal because it only added interest
"capitalized to date," and the Court had not been shown where
such interest had been previously capitalized. Order at 4.

Defendant argues that the Court failed to consider Paragraphs
3(B) and 3(C) of Himple's original Note, which Defendant now
claims is the source of the previous capitalization of the unpaid
interest. It is understood in the summary judgment context that a
court is "not required to comb the record to find some reason to
deny a motion for summary judgment." Forsberg v. Pac. Nw. Bell
Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 1988). Merely including
facts or evidence somewhere in the record does not mean that it
was presented a meaningful enough way that a court would be

obliged to consider it.  There is no reason that the same principal should not hold in the context of a motion to dismiss.

It is a close call whether the relevant portion of the Note was sufficiently "presented to the Court" in Defendant's motion to dismiss so that reconsideration would be appropriate.  Defendant did not rely on the paragraphs now cited in its argument.  Instead, Defendant explicitly argued that interest was capitalized only at the time of modification:

> The "principal due under the Note" category is therefore made up of two components—unpaid or deferred interest that was capitalized into principal at modification (i.e., capitalized interest), and the principal at origination.

Dkt. No. 75-1 at 14.

However, Defendant did cite and briefly explain the paragraphs in the "Background" section of its opening brief:

> If Himple made a monthly payment less than the amount of interest due in that month, the unpaid or deferred interest would be added to and increase the "unpaid Principal" balance.  (TAC Ex. D §§ 3(B)-(C).)

Dkt. No. 75-1 at 9.

The Court finds that this is just enough to qualify as "presented to the Court" for the purposes of reconsideration.  Defendant is helped by the fact that the Court's reasoning in the Order clearly implicates Paragraphs 3(B) and (C) and that the Court was expressly looking for something like those paragraphs when it was considering the motion to dismiss.  Reconsideration is also more justified given that the issue is one of contract interpretation and the cited paragraphs are within one of the two critical contracts.

In short, given the central relevance of the paragraphs, the fact that they are in a key document and not an obscure part of the record, and that Defendant did, if in passing, refer to them, the Court will reconsider its Order to take the paragraphs into account.[1]

The relevant portions of Himple's Note state:

> Payment of the Minimum Payment amount will result in accrued but unpaid interest being added to Principal. The unpaid Principal and any accrued but unpaid interest will accrue additional interest at the rate then in effect.

TAC Ex. 4 (Himple Note) ¶ 3(B).

> My monthly payment could be less than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. If so, each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal. The Note Holder also will add interest on the amount of this difference to my unpaid Principal each month. The interest rate on the interest added to Principal will be the rate required by Section 2 above.

TAC Ex. 4 (Himple Note ¶ 3(C).

These provisions unambiguously add any unpaid accrued interest to Himple's principal when the interest is not paid in full

---

[1] Reconsideration also serves the interests of judicial economy.

at the monthly payment date.  Therefore, the previously unpaid interest would have been "capitalized to date" as of the time of the Modification Agreement and included in the definition of "Unpaid Principal Balance."  And even if the Modification Agreement could possibly be seen as ambiguous because it only labels the listed items as part of the shorthand term "Unpaid Principal Balance" rather than explicitly stating that the listed items are part of principal, the Note itself had already unambiguously added unpaid, accrued interest to the principal in the provisions quoted above.

Himple's arguments to the contrary are not compelling. Himple believes that the last line of paragraph 3(C) of the Note – "The interest rate on the interest added to Principal will be the rate required by Section 2 above" – would be superfluous under Defendant's interpretation.  She argues that because the interest rate on principal is specified in the Note there would be no reason to separately specify the interest rate to be charged on interest that had become part of principal.  This argument would be much more persuasive if paragraph 3(C) applied a *different* interest rate.  Instead, the last line of that paragraph simply clarifies that the interest capitalized into principal will, in fact, be treated as principal and carry the same interest rate going forward.

Himple also places undue importance on the use of the word "interest" in the last line of paragraph 3(C).  The line says "interest added to Principal" not just "interest."  It is not clear what Himple thinks the line should say in order for Defendant's interpretation to be valid.  The drafter was not required to write "the part of the Principal that was interest but is now no longer interest and is, instead, now Principal."  It is clear and unambiguous what the intent and function of this line is and was.

Himple also argues that current interest – interest accrued but not yet due to be paid – at the time of the loan modification had

not been added into principal by the Note or Modification Agreement yet was treated as principal by Defendant.  Whatever the legal merit of this argument, Himple did not plead that she had any current interest at the time of the modification.[2]  This argument is also outside of the scope of the motion for reconsideration and should have been raised in opposition to the original motion.

The motion for reconsideration is GRANTED.  Himple's breach of contract, implied breach of the covenant of good faith and fair dealing, and declaratory relief[3] claims are DISMISSED.

IT IS SO ORDERED.

Date: January 8, 2019

Dale S. Fischer
United States District Judge

---

[2] Contrary to Himple's assertion, footnote 5 of the Third Amended Complaint does not allege that Himple's account included any current interest at the time of modification.  It states: "Often the interest owed will be comprised both of past due interest as well as current interest, i.e. interest that has accrued, but where that month's payment date has not yet arrived. However, even if a borrower was current prior to the modification, by the time the modification takes effect, interest will be owed because BANA required borrower not pay three payments and go into default in order to qualify for a modification."  TAC ¶ 7 n.5.

[3] The Court found in the original Order that "the [declaratory relief] claim is either based on a declaration of federal tax law, which the Court already found falls within the tax exception to the Declaratory Judgment Act, or it is based on the contract-related claims."  Order at 5.